FRANK C. MILLER, PLAINTIFF IN ERROR, v. THE B. & M. R. R. COMPANY, DEFENDANT IN ERROR.

| 7 | 227 |
| 8 | 17 |
| 7 | 227 |
| 21 | 391 |
| 7 | 227 |
| 29 | 434 |
| 7 | 227 |
| 34 | 81 |

1. **Practice:** FINAL JUDGMENT. Where a demurrer to a petition is sustained in the court below, to authorize a review of the case by the supreme court, there must be a final judgment dismissing the case.

2. ———: ———. The recitals in the record were as follows: "This cause coming on to be heard on the demurrer to the plaintiff's petition heretofore filed, the court, after hearing the argument of counsel thereon, and after due consideration, sustained said demurrer and rendered judgment for the defendant, and against the plaintiff, for the costs of this action taxed at $11.20:" *Held*, not a judgment, but a mere recital that one had been rendered for costs.

ERROR to the district court for Fillmore county.

*Conner & Maule,* for plaintiff in error.

*T. M. Marquett*, for defendant in error.

MAXWELL, J.

The pretended judgment in this case is as follows: "This cause coming on to be heard on the demurrer to the plaintiff's petition heretofore filed, the court, after hearing the argument of counsel thereon, and after due consideration, sustained said demurrer and rendered judgment for the defendant, and against the plaintiff, for the costs of the action taxed at $11.20."

This is not a judgment, but a mere recital that one was rendered. *Prewit v. The People*, 5 Neb., 377.

It nowhere appears that the cause was dismissed. Where a demurrer to a petition is sustained in the court below, to authorize a review of the case by the supreme court there must be a final judgment dismissing it. Otherwise a party might obtain leave of court to amend his petition and proceed in the case. As there is no final judgment, the cause is remanded to the district court for further proceedings.

REVERSED AND REMANDED.